IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| LARRY MURRAY | § | |
| VS. | § | CIVIL ACTION NO. 5:17cv63 |
| DEREK EDGE | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Larry Murray, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends that the petition for writ of habeas corpus be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

After being convicted of possessing methamphetamine with the intent to distribute, petitioner was found to be a career offender for the purposes of § 4B1.1 of the United States Sentencing Guidelines. He asserts that based on recent decisions from the Supreme Court and the United States Court of Appeals for the Fifth Circuit, he should no longer be considered a career offender. However, the Magistrate Judge concluded that as petitioner is contesting the sentence he received for his conviction, rather than his conviction itself, his ground for review is not cognizable in a petition filed pursuant to 28 U.S.C. § 2241.

Petitioner has asserted three objections to the Report and Recommendation. First, petitioner objects to the Magistrate Judge's statement that a challenge to the validity of a career offender

enhancement is not the type of claim that warrants relief under § 2241 because it challenges the punishment imposed for the conviction, rather than the conviction itself. He asserts this statement obscures the true scope of the miscarriage of justice he has suffered. He states he is not merely asserting that the Guidelines were misapplied in his case. Instead, he contends his sentence was based on a miscarriage of justice and deprivation of due process which rises to the "equivalent of a nonexistent offense" and that the authorities relied upon by the Magistrate Judge do not reflect the evolving body of doctrine addressing the savings clause of 28 U.S.C. § 2255. In his second objection, petitioner states that for the reasons set forth in his first objection the Magistrate Judge mistakenly concluded that the remedy provided for in § 2255 is not inadequate or ineffective to challenge the legality of his detention. In his third objection, petitioner contends that for the reasons set forth in his first objection, the Magistrate Judge erroneously recommended his petition be dismissed.

A prisoner may only utilize § 2241 to challenge a federal criminal conviction if the remedy provided for in 28 U.S.C. § 2255 is ineffective or inadequate to test the legality of his detention. The remedy provided for in § 2255 has been found to be ineffective to challenge the legality of a prisoner's detention only where the prisoner is asserting a ground for review that: (1) is based on a Supreme Court decision that applies retroactively on collateral review and establishes he may have been convicted of a nonexistent offense and (2) was foreclosed by applicable circuit law at the time it could have been asserted at trial, on direct appeal or in a first motion to vacate filed pursuant to § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001).

The Court acknowledges the United States Court of Appeals for the Eleventh Circuit has held that § 2241 may be used to challenge a sentence, as opposed to a conviction, when a retroactively applicable decision of the Supreme Court establishes that a defendant has received a sentence that exceeds the statutory maximum sentence for his offense. *Bryant v. Warden*, 738 F.3d 1253, 1274 (11th Cir. 2013). The Court observes that even if *Bryant* set forth the standard applicable to petitioner's case, it would be of no value to petitioner because he is not asserting that his sentence

2

exceeds the statutory maximum sentence for his offense.

Regardless, petitioner's case is governed by the decision of the Fifth Circuit in *Kinder v. Purdy*, 222 F.3d . 209 (5th Cir. 2000). In *Kinder*, the petitioner was determined to be a career offender under §4B1.1 of the Guidelines. He sought relief under § 2241 based on the argument that as a result of intervening case law, he should no longer be considered a career offender. However, the Fifth Circuit rejected this argument, stating that a claim that a defendant is actually innocent of being a career offender is not the type of claim that warrants review under § 2241. 222 F.3d at 213.

Because petitioner is attempting to use § 2241 to challenge the sentencing court's conclusion that he was a career offender, *Kinder* controls the resolution of this matter. Accordingly, the Magistrate Judge's statement that a challenge to the validity of a career offender determination is not that type of claim that warrants relief under § 2241 is correct. Petitioner's first objection is therefore without merit. For the same reason, petitioner's second objection is without merit because the Magistrate Judge correctly concluded petitioner has not demonstrated § 2255 is inadequate or ineffective to challenge the legality of his detention. Finally, petitioner's third objection is without merit because *Kinder* establishes the Magistrate Judge's recommendation that his petition be dismissed was correct.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the Magistrate Judge's recommendation.

**So ORDERED and SIGNED this 4th day of May, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE